IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LIBERTARIAN PARTY OF ALABAMA 23  P  4:48

        Plaintiff,

v.

JOHN HAROLD MERRILL,
Secretary of State for the State of Alabama,

        Defendant.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No. 2:19-cv-69-ECM-SRW

## COMPLAINT

## INTRODUCTION

Plaintiff herein seeks a declaratory judgment that Alabama law that provides for the major political parties to be provided with a voter registration list free of charge, while charging a prohibitively expensive charge for minor political parties to obtain the same list, codified at §§17-4-33(a)(10) and 17-4-38, Code of Alabama (as amended) is unconstitutional on its face and as applied to the Plaintiff and preliminary and permanent injunctive relief prohibiting its enforcement and requiring that Plaintiff be provided a copy of Alabama's voter registration list free of charge.

Section 17-4-33 provides in pertinent part as follows:

**§ 17-4-33. Computerized statewide voter registration list.**

(a) The State of Alabama shall provide, through the Secretary of State, a nondiscriminatory, single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered by the Secretary of State, with advice from the Voter Registration Advisory Board and the President of the Alabama Probate Judges Association, which contains the name and registration information of every legally registered voter in the state. The computerized list shall comply with the following requirements:
(1) It shall serve as the single system for storing and managing the official list of registered voters throughout the state.

(2) It shall contain the name, address, and voting location, as well as other information deemed necessary by the Voter Registration Advisory Board or the Secretary of State, of every legally registered voter in the state.
(3) A unique identifier shall be assigned to each legally registered voter in the state.
(4) It shall contain the voting history of each registered voter.
(5) It shall be coordinated with the driver's license database of the Department of Public Safety and the appropriate state agency to assist in the removal of deceased voters.
(6) Any election official in the state, including any local election official, may obtain immediate electronic access to the information contained in the computerized list.
(7) All voter registration information obtained by any registrar in the state shall be electronically entered into the computerized list on an expedited basis at the time information is provided to the registrar.
(8) The Secretary of State shall provide such support as may be required so that registrars are able to enter voter registration information.
(9) It shall serve as the official voter registration list for the conduct of all elections.
**(10) Following each state and county election, the Secretary of State shall provide one electronic copy of the computerized voter list free of charge to each political party that satisfied the ballot access requirements for that election. The electronic copy of the computerized voter list shall be provided within 30 days of the certification of the election or upon the completion of the election vote history update following the election, whichever comes first. In addition, upon written request from the chair of a political party, the Secretary of State shall furnish up to two additional electronic copies of the computerized voter file during each calendar year to each political party that satisfied the ballot access requirements during the last statewide election held prior to that calendar year. The electronic copies provided pursuant to this section shall contain the full, editable data as it exists in the computerized voter list maintained by the Secretary of State.**
(11) The list shall be maintained so that it is technologically secure.
(Emphasis added)

Section 17-4-33 unconstitutionally discriminates against minor or small political parties, like the Plaintiff, by providing a copy of voter registration lists free of charge to major parties, while charging the Plaintiff and other small or minor parties a great deal of money for a copy of the list.

Plaintiff alleges that this statute and the State's discriminatory practice

2

under it violates their rights under the First and Fourteenth Amendments to the United States Constitution, as a party that fields candidates for elective office in Alabama and which has as members Alabama voters who wish to associate with others who support the Libertarian Party of Alabama and its candidates for elective office, as well as with other Alabama voters who also support and cast their vote for candidates representing the Libertarian Party of Alabama. es Constitution.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question). Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff also seeks relief authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2.      This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff Libertarian Party of Alabama ("LPA") is the Alabama affiliate of the Libertarian Party. In 2000, after collecting over 60,000 signatures, the Libertarian Party of Alabama ran a small slate of candidates in Alabama for various national, state, and local elective offices. LPA candidates appeared on the ballot in Alabama for elective offices including, President of the United States, U.S. Congress, the Alabama Supreme Court, and the Alabama Public Service Commission. One LPA candidate garnered over 20% in a statewide race and in

3

2002 the LPA was the first minor party to have achieved major party status in Alabama in over thirty years. In the next election cycle the Libertarian Party of Alabama ran 58 candidates ranging from governor to tax collector. The LPA lost its major party status and associated ballot access after 2002. However, several Libertarian Party candidates for President have appeared on the ballot in Alabama since 2002 as independent candidates. The LPA had a legislative candidate on the ballot in Alabama 2009. The LPA gained ballot access in Jefferson, Shelby, Chilton, and Bibb Counties, Alabama in 2014 and in 2018, the LPA ran four candidates for local elective office in Alabama. The LPA has been active at all times relevant to this Complaint in addressing policy issues of great public interest to Alabamians. The LPA has continued to seek ballot access in Alabama in many races for elective office, putting forward a platform of smaller government and greater individual freedoms and will do so in the future. It is a membership organization and its members support its political agenda; but support for its political agenda and voters who cast and wish to cast their votes for its candidates in Alabama are not limited to members.

4. Defendant John Harold Merrill, is, upon information and belief, an adult resident-citizen of Montgomery, Alabama. He is the Secretary of State for the State of Alabama, and as such, is charged with the general administration of the election laws and specific duties under such laws which are relevant to the issues in this lawsuit.

4

## **FACTS**

5. Under §17-4-33 and §17-4-38, Code of Alabama (as amended), the Defendant is required by Alabama law to compile and maintain a list of all registered voters in Alabama.

6. Such lists, as to each registered voter must contain, *inter alia*, the name, address, and voting location for each registered voter.

7. The voter registration list compiled and maintained by the Defendant is used as the official list at voting locations to determine who is eligible to cast a vote in any given election.

8. The voter registration list and the information contained on the list is very valuable to a political party seeking access to the ballot and seeking votes in a primary or general election in Alabama and gives a significant advantage in these areas to a political party that has a copy of the voter registration list and a political party which does not have copy of the voter registration list is placed at a distinct disadvantage in its efforts to gain ballot access and to solicit and win votes..

9. The voter registration list is very valuable to a political party and having the list gives a political party a distinct advantage in seeking to win an in a number of ways, including, but not limited to the following:

A. The voter registration list allows a political party to know the number of voters in a political voting location so as to know what voting locations the political party might want to prioritize in its efforts to gain support among the electorate.

5

B.  The voter registration list allows a political party, among other advantages, to reach out directly to registered voters by name and at their home, to solicit their support at the ballot box and with the party's platform, to communicate political speech directly to voters to whom the political speech on specific political issues might most directly apply and to introduce specific voters to prospective or active candidates most relevant to such voters.

C.  The voter registration list is vitally important to a party's ability to grow and disseminate its political message and to seek out and have its members associate with politically like-minded voters in order to solicit and obtain ballot access signatures and to win elections for party candidates.

10.   At present, upon information and belief, pursuant to §17-4-33(a)(10), the Defendant provides a copy of the voter registration list free of charge only to the Democratic and Republican parties and charges any other political party or independent candidate or prospective candidate for public elective office a fee for a copy of the list.

11.   On August 13, 2018, the LPA Chairperson wrote an email to the Defendant's office, advising that with "massive" signature requirements under Alabama law for the LPA to gain ballot access for the 2020 election, the LPA needed to start its signature drive "immediately." To that end, the LPA requested a copy of the Alabama voter registration list. The LPA received no response to its email.

12.   On December 31, 2018, the LPA Chair again wrote to the Defendant's

office, referred to her unanswered August email inquiry and again asked about obtaining the voter registration list, specifically inquiring as to whether it can be obtained in electronic/digital format, whether there would be a cost associated with providing it to the LPA and, if so, how much that cost would be.

13.     On January 7, 2019, the Defendant's Administrator of Elections sent an email in response to the LPA's December 31, 2018 email, advising, *inter alia,* that the LPA could, indeed, obtain a copy of the voter registration list in "electronic format" at a cost of "approximate(ly)" $34,000.  The LPA was referred to the Defendant's website for online ordering, and was advised further that if payment were to be made by credit or debit card, there would be an additional charge of 2.5% (approximately $850 more).[1]

14.     Under §17-4-33(a)(10), Code of Alabama (as amended), the Defendant provides this exact same voter registration list that the LPA would have to pay approximately $34,000 for free of charge to the Democratic and Republican parties upon their request.

15.     In fact, under §17-4-33(a)(10), if the Chair of the Democratic or Republican parties sent a written request to the Defendant for the same voter registration list the Chair of the LPA requested, the Defendant would provide two copies of the list to the Chair of the Democratic or Republican parties free of charge.

16.     Section 17-4-38(b), Code of Alabama (as amended) provides:

---

[1] The following is the site to which the Defendant referred the LPA to order and make payment for the voter registration list online:
https://www.alabamainteractive.org/sos/voter/voterWelcome.action.

"Except as provided in this section, there shall be a uniform charge for the production of voter lists. The reproduction costs of the basic electronic copy of the statewide file shall be reasonable as determined by the Secretary of State ...."

17.    Neither of the sentences from §17-4-38(b) excerpted in the previous paragraph is true or accurate.

18.    In the subsections of §17-4-38 which follow subsection (b) and to which the "except" language in (b) applies, provide for (1) a free copy of the voter registration list to legislators for their district [§17-4-38(e); (2) a free copy of the statewide voter registration list to the Administrative Office of the Courts [§17-4-38(f)]; and (3) the free exchange of the statewide voter registration list with any other state at the Defendant's discretion [§17-4-38(g). But when it comes to the production of a statewide voter registration list to political parties in Alabama, notwithstanding the language of §17-4-38(b), there is anything but a "uniform charge;" for the major political parties get it for free, while minor political parties have to pay an exorbitant fee for it. In effect, those who can least afford it, have to pay the most.

19.    Notwithstanding the provision in §17-4-38(b) that "... The reproduction costs of the basic electronic copy of the statewide file shall be reasonable as determined by the Secretary of State ...," the cost for those, like the Plaintiff, who have to pay for the statewide voter registration list is prohibitively expensive and has been set at a level that virtually ensures that a minor political party or an independent candidate could never afford it.

8

20.    The Defendant is required by law in Alabama to compile and maintain a current statewide voter registration list and it maintains it in electronic/digital format, for its own purposes as the law requires. *See e.g.,* §17-4-38.1, Code of Alabama (as amended).

21.    There is no significant additional expense generated by providing a copy of the statewide voter registration list, already compiled and maintained as required by Alabama law, in electronic/digital form, to any requesting party.

22.    Having a copy of Alabama's statewide voter registration list provides a distinct advantage to any political party trying to obtain access to the ballot in Alabama and trying to transmit its political message to Alabama voters in order to obtain their support for ballot access, increase their ability to associate with others who share their political philosophy and goals and, ultimately to obtain additional votes.

23.    Plaintiff LPA is required under Alabama law to obtain 51,588 signatures to gain access to the statewide ballot in Alabama for the 2020 election. This is an onerous burden. The discrimination described herein between the major parties and minor parties like the Plaintiff, by providing the major parties with the statewide voter registration list free of charge, while charging the LPA approximately $34,000, is just one more obstacle Alabama places in the way of minor parties to try to prevent them from growing and to gaining access to the ballot.

24.    Alabama law, especially through the combination of §§17-4-33 and 17-4-

38, unconstitutionally discriminates between major political parties and minor

political parties, in an effort to, and with the direct effect of making creating

obstacles which make it more difficult for a minor political party like the LPA to

establish itself and grow, garner support, gain access to the ballot in Alabama, and

obtain votes in order to grow and have its members and followers hold public

elective office,

25.     This discrimination by Defendant and as a matter of Alabama law, between

major political parties and minor political parties like the Plaintiff violates the

rights of Plaintiff, its members, its followers, and those who wish to cast their vote

for LPA candidates and associate with them, guaranteed under the First

Amendment and under the Equal Protection Clause of the Fourteenth Amendment

to the United States Constitution.

26.     The price Defendant charges minor parties like the Plaintiff to obtain a copy

of the voter registration list is far higher than any fee for a voter registration list

charged by just about any other State in the nation, many of which provide them

entirely free of charge.

27.     The requirement that minor political parties and independent candidates for

elective office pay a prohibitively and unjustifiably expensive price for the

electronic transfer of statewide voter registration lists already compiled and

maintained by the Defendant violates the rights of Plaintiff, its member, its

followers, and those who wish to cast their votes for LPA candidates and associate

with them, guaranteed under the First and Fourteenth Amendments to the United

States Constitution.

28.     Plaintiff and its members and followers among Alabama's voters have been proximately harmed by this discrimination with respect to the provision of voter registration lists. They have been denied their fundamental constitutional rights as candidates and voters.

29.     There is no state interest sufficient to justify this unconstitutional discrimination against the LPA and other similarly situated political parties in Alabama, their members, voters, and others who wish to associate with the LPA for political purposes.

30.     Defendant has at all times relevant to this action acted under color of state law and the rights violated by Defendant's discrimination as described herein have been clearly established rights under the First and Fourteenth Amendments for many years.

31.     Defendant's actions under color of law have deprived and will continue to deprive Plaintiff and their members and voters of their fundamental constitutional rights, and unless enjoined, will continue to inflict continuing and irreparable injury to the them.

32.     Defendant's provision of the statewide voter registration list in the discriminatory manner described herein and the prohibitively and unjustifiably high price Defendant charges Plaintiff and others similarly situated will continue to cause irreparable injury to Plaintiff and the fundamental constitutional rights of their members and voters for which there is no adequate remedy at law.  Plaintiff

11

is likely to succeed on the merits in this action, and both the balance of harm and the public interest favor granting an injunction as hereinbelow requested.

## CAUSE OF ACTION (42 U.S.C. § 1983)

33.     Paragraphs 1-32 of this Complaint are incorporated and restated herein as if expressly set forth.

34.     Sections 17-4-33 and 17-4-38 and other provisions of Alabama law described herein that discriminate between major political parties on the one hand and minor political parties and independent candidates on the other with respect to the provision of voter registration lists, providing such lists to the former free of charge and to the latter only upon payment of an unjustifiably exorbitant, prohibitively expensive price, effectively denying them a copy, on their face and as applied to this Plaintiff, violate Plaintiff's rights guaranteed to them under the First Amendment and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

35.     Such provisions of Alabama law on their face and as applied to this Plaintiff and its members, followers, voters, and those who wish to associate with them for political purposes violate their right to cast their votes effectively and to advance their political beliefs as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1.    Enter a judgment declaring the Alabama state law provisions codified in §§17-4-33(a)(10) and 17-4-38, insofar as they refer to the provision of voter registration lists and discriminate with respect to the same between major political parties on the one hand and minor political parties and independent candidates and voters on the other, as described herein, to be violative of the First and Fourteenth Amendments to the United States Constitution and otherwise unconstitutional facially and as applied to this Plaintiff;

2.    Issue a preliminary and permanent injunction prohibiting the Defendant, his agents, employees, and other persons in concert with him from enforcing the state statutes at issue that prevent Plaintiff LPA from obtaining a statewide voter registration list free of charge and requiring Defendant to provide a statewide voter registration list to the Plaintiff free of charge.

3.    Award Plaintiff reasonable attorney's fees and costs of this action;

4.    Grant Plaintiff such other and further relief as this Court deems just and equitable.

Respectfully Submitted.

/s/ David I. Schoen
Counsel for Plaintiff
(ASB-0860-O42D)

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: 334-395-6611
Facsimile: 917-591-7586
E-Mail: Dschoen593@aol.com
        Schoenlawfirm@gmail.com