IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LIBERTARIAN PARTY OF ALABAMA :
:
           Plaintiff, :
:
v. :      Civil Action No. 2:19-cv-00069-ECM-SMD
:
JOHN HAROLD MERRILL, :
Secretary of State for the State of Alabama, :
:
           Defendant. :

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

### Introduction

This is a case that Plaintiff never should have had to file or, once filed, one that should have been resolved between the parties by Defendant's acquiescence to the relief requested.  The issue raised by this lawsuit was clearly and unequivocally settled in Plaintiff's favor decades ago and on multiple occasions.  Nevertheless, the Defendant has decided to take the opposite approach.  Defendant ignores or misreads the relevant law and now asserts, contrary to the well settled law that fully supports the relief sought, that the Complaint actually should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for its purported failure to state a claim upon which relief can be granted. [Doc. 5]

In doing so, Defendant makes a completely circular argument.  The Complaint alleges, based on almost fifty years of consistent precedent, that it is unconstitutional to provide voter registration lists to the major parties while charging minor parties for the same.  Defendant argues that such an allegation fails to state a claim because a reasonable line to draw in determining who should get the voter registration list for free and who should have to pay is whether a party is

a major party or not under Alabama law for determining the same.  Defendant's tortured attempt to make a nonexistent distinction between major vs. minor parties and ballot access vs. no ballot access [Doc. 5 at 4-5] is completely unavailing[1] and suffers from the exact constitutional infirmity the almost 50 years of caselaw under the Equal Protection Clause on this exact issue has identified.  It also is misleading and misses one of the specific harms courts have identified in striking down just this kind of impermissibly discriminating statute.

Notably, Defendant does not cite a single case that actually supports his position.  He acknowledges, as he must, that every voter registration list case he is aware of goes against his position; but rather than just acknowledging and honoring the inescapable constitutional conclusion from these cases, Defendant has decided to take the unsupportable position that Plaintiff has not even stated a claim for which relief can be granted.  The motion must be dismissed out of hand.

The Defendant's position is not an argument for dismissing the Complaint under Rule 12(b)(6), it is an admission that the statute at issue and the Defendant's administration of that statute are unconstitutional for all the reasons on which the almost fifty years of legal precedent are based.  The Defendant's motion is frivolous.

---

[1]  The very cases Defendant cites in his motion as somehow purporting to support the motion's thesis uses the terms "minor" and "major" party which Defendant seems to object to or seems to suggest are somehow cognizably different from presenting the matter in terms of ballot access or no ballot access - a nonexistent distinction, given that the terms are derived as a function of ballot access.  *See Stein v. Ala. Sec'y of State*, 774 F.3d 689 (11th Cir. 2014); *Swanson v. Worley*, 490 F.3d 894 (11th Cir. 2007) [Doc. 5 at 5] *See also, New Alliance Party v. Hand*, 933 F.2d 1568 (11th Circ. 1991).  This case is about the financial advantage given to major parties with respect to voter registration lists and the discrimination against minor parties and their supporters that this reflects.

For the reasons that follow and based upon universally well settled authority, Defendant's motion should be denied out of hand.

## Rule 12(b)(6) Standard[2]

This Court has articulated the standard of review for a motion to dismiss under Rule 12(b)(6) as follows:

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.
>
> In analyzing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court accepts the factual allegations in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). However, "if allegations [in the complaint] are indeed more conclusory than factual, then the court does not have to assume their truth." *Id*. at 1337. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

*McDill v. Ala. Bd. of Pardons & Paroles*, 2019 U.S. LEXIS Dist. 5952, *2-*3;

2019 WL 191651 (M.D. Ala., January 14, 2019)(Marks, J.).

---

[2]  If the Court decides to treat the Defendant's motion as a motion for summary judgment under Rule 12(d), based on his submission of the Helms Delcaration [Doc. 5-1] in support of the motion, Plaintiff would respectfully request that the Court so advise the parties so that Plaintiff can first seek and obtain discovery and/or submit to the Court what additional steps Plaintiff would seek leave to take before fully responding to the converted Rule 56 motion.

In *Smith v. State Farm Fire & Cas. Co.*, 2016 U.S. Dist. LEXIS 73003, *3-*4 (N.D. Ala., June 6, 2016), the court wrote the following:

"A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (internal quotations omitted). "To be plausible on its face, the claim must contain enough facts that 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pouyeh v. Univ. of Ala. Dep't of Ophthamology*, No. CV-12-BE-4198-S, 2014 U.S. Dist. LEXIS 81415, 2014 WL 2740314, at *3 (N.D. Ala. June 16, 2014) (*quoting Iqbal*, 556 U.S. at 678) (alteration in original). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to access discovery. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (*citing Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. This Court considers only "the face of the complaint and attachments thereto" in order to determine whether Plaintiff states a claim for relief.  *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)."

The Eleventh Circuit has emphasized that, "[I]n considering a motion to dismiss under Rule 12(b)(6), a court must "accept the (Plaintiff's) factual allegations in (his) complaint as true." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014). *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 671 (11th Cir. 2014). The Court must view the facts alleged in the Complaint "in the light most favorable to the plaintiff." *Speaker v. U.S. Dept of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also*, *Dexter v. Amedisys Holding, LLC*, 2012 U.S. Dist. LEXIS 172235, *1-*3 (N.D. Ala., December 5, 2012)(must assume the allegations are true, even if doubtful).

In deciding *Twombly* and *Iqbal*, "[T]he Supreme Court desired to prevent plaintiffs with groundless claims from wasting judicial and other legal resources. *Twombly*, 550 U.S. 557-58. *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010)[3]

In short, the pleader need not provide detailed factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this requirement is

---

[3] "[I]t is established law in this circuit that "the *Twombly-Iqbal* plausibility standard" applies equally to "[p]leadings for § 1983 cases ...." *Randall v. Scott*, 610 F.3d 701, 707 n.2, 709 (11th Cir. 2010); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1276 (11th Cir. 2016) (reaffirming holding of *Randall*). *Bowen v. Warden, Baldwin State Prison*, 2016 U.S. App. LEXIS 11298, *11 (11th Cir., June 22, 2016).

"to give the defendant fair notice of what the claim is and the grounds upon which it rests" and the Complaint is to be "liberally construed." *Twombly*, 550 U.S. at 555.

A complaint may not be dismissed pursuant to Fed.R.Civ.Pro. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Mancinni v. Broward County Sheriff*, 2014 WL 7792953, *2 (S.D. Fla., October 21, 2014).

Finally, for a Rule 12(b)(6) motion to dismiss, the moving party has the burden to establish that the Complaint does not state a claim upon which relief can be granted.[4]  The non-moving party has no obligation to adduce evidence in response to a motion to dismiss.  *Sprint Solutions, Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224 (S.D. Fla. 2014); *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1298-99 (11th Cir. 2007).

Based upon the standard described above, it is patently clear that Defendant's motion to dismiss must be denied.

## RELEVANT LEGAL ANALYSIS

**The Complaint:**

The Complaint herein alleges that Alabama law and the Defendant's exercise of his authority under that law, specifically as it provides for the major parties to get voter registration lists for free while all others, including established

---

[4]  This burden also includes the obligation to provide legal authority for its position in its moving papers.  *Sprint Solutions Inc.*, 44 F. Supp. 3d at 1228; *See also, Super. Energy Servs., LLC v. Boconco, Inc.*, 2010 U.S. Dist. LEXIS 30196, *13-*16 (S.D. Ala., March 26, 2010); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986).

minor political parties like this Plaintiff, have to pay a great deal of money to obtain the same constitutes a violation of the Plaintiff's First and Fourteenth Amendment rights under the United States Constitution.  Plaintiff seeks declaratory and injunctive relief to address this constitutional rights violation.  As noted above, all allegations in the Complaint must be taken as true for the instant purposes.

After setting out the relevant statutory provisions, the Complaint specifically alleges that the statute at issue, §17-4-33, Code of Alabama, unconstitutionally discriminates against minor or small political parties. [Doc. 1 at 2]

The Complaint sets out a more extensive history than necessary concerning the Plaintiff to demonstrate the significant, established, and continuing presence of the Plaintiff Libertarian Party of Alabama in this State.  The Complaint accurately alleges that the Plaintiff has gained major party status in 2002, has run many candidates in Alabama, and has supporters and members in the States, as it continues to field candidates. [Doc. 1 at ¶3]

The Complaint next alleges that the Defendant is required by law to compile and maintain the voter registration lists, what the lists provide, and the great value the lists have to a political party seeking to get votes and get its candidates elected. [Doc. 1 at ¶¶5-9]

Plaintiff will not burden the Court with a full recitation of each provision in the Complaint.  It speaks for itself and clearly states a cognizable claim,

recognized by courts around the country for almost a fifty year span of time.  The Complaint expressly asserts that the matter complained about violates the First and Fourteenth Amendment (Equal Protection Clause) rights of the Plaintiff, its members, followers, and candidates. [Doc. 1 at e.g.  ¶¶25, 27 30]

**The Motion to Dismiss:**

Boiled down to its essence, it seems that Defendant's motion is based on two notions:

First, it is ok to discriminate between the major parties and minor parties by providing a free voter registration list to the former and charging a high fee to the latter because Defendant does so based on the party's status as either having achieved ballot access or not. [Doc. 5 at 4-6]

Secondly, it is ok to so discriminate because the state's "administrative interests" - loosely described as a concern about the possibility that if everyone got the list for free the Defendant might be too busy - outweighs any burden. [Doc. 5 at 10-11; Doc. 5-1]

The first reason is exactly what case after case, without any exception identified by Defendant, since 1970, has prohibited as an Equal Protection Clause violation, exactly as alleged in the Complaint.

The second, the only purported state interest apparent from the Defendant's motion, is exactly the purported state reason that courts repeatedly have rejected as wholly insufficient, even if accurate, to support this exact kind of discrimination with respect to voter registration lists.

In short, Plaintiff's Complaint absolutely states a claim upon which relief can - and, indeed, must, as a matter of law - be granted. The main obstacle to Defendant's position to the contrary is the law. The following are a few of the cases, reported and unreported, that have addressed the issue and which all, without exception, not only make clear that the claims stated here are cognizable claims, but that they absolutely entitle Plaintiff to the relief sought.

**Survey of the Relevant Case Law:**

The leading case which makes clear that the Alabama statute violates Plaintiff's constitutional rights is, of course, *Socialist Workers Party v. Rockefeller*, 314 F. Supp. 984, 997 (S.D.N.Y.)(three-judge court), *summarily affirmed*, 400 U.S. 806 (1970). *See also, Schultz v. Williams*, 44 F.3d 48, 60 (2d Cir. 1994). In these cases, the courts expressly held that a New York law which provided for free copies for the major political parties and charged the minor parties violated the Equal Protection, even though the State also made copies available for viewing at polling places free of charge. 314 F. Supp. At 995. These courts made clear in no uncertain terms that while a State is not required to provide free lists to anyone, when it provides it free of charge to some, it cannot do so by providing them "only for the large political parties and deny(ing) them to those parties which can least afford to purchase them." 314 F. Supp. At 996.

The analysis in these cases is compelling and makes clear the folly of Defendant's position to the contrary almost fifty years later.[5]

---

[5] Defendant indicates in his motion at Pages 10-11 that he somehow believes that the *Socialist Workers Party* decision is helpful because it draws the line at parties that have achieved ballot

In *McCarthy v. Kopel*, No. C 76-45 (N.D. Iowa, February 6, (1978) (unpublished) (Attached as Exhibit "1"), Plaintiffs were independent candidates for president and vice-president, seeking Iowa's voter registration lists. The relevant statute in Iowa provided that the two parties receiving the highest number of votes in the last general election got free copies of the voter registration list, while all others had to pay for the list.  Plaintiffs sought a declaratory judgment that this discrimination in favor of major parties with respect to the voter registration lists violates the Equal Protection Clause of the Fourteenth Amendment and a permanent injunction prohibiting enforcement of the statute that so provided.  The Court granted Plaintiffs' summary judgment motion, declared the statute to be void for its violation of the Equal Protection Clause and permanently enjoined its enforcement.

The Court noted at the outset of its analysis that without question the distinction between providing the voter registration list free of charge to major parties while charging minor parties and non-party candidates, discriminates against minor party and non-party candidates.  *Id.*, at 3.

It posited the question as whether the purported state interests claimed to

---

access. [Doc. 5 at 10-11] Defendant appears to misread the decision.  To the extent the decision refers to parties that have achieved ballot access, but have fallen short of 50,000 votes, it is not, of course, referring to a party that achieved ballot access in the election at issue.  At the time of the decision in *Socialist Workers Party,* the Party was in the process of struggling to get ballot access and needed the voter registration lists to gain access to voters in advance of the election then some five months in the future.  To the extent the decision refers to parties that have gained ballot access, it obviously means historically and that, of course, would include the Libertarian Party of Alabama, as alleged in the Complaint.  The Court in *Socialist Workers Party* expressly noted that the Plaintiff therein did not contend that just anyone who requested a free list should get it *Id.* at 996  (although that might well be a fair position to take today, when in contrast to 1970, all that is required to transmit the list is literally send an email- Doc. 1 at ¶21).

support the statute were "sufficiently important" to "warrant the obvious burden" or whether the statute "unfairly and unnecessarily burdens the political opportunity of a non-party candidate." *Id.*

The Court declined to decide whether strict scrutiny/compelling interests analysis or a slightly less stringent standard should apply to this circumstance (finding the circumstances presented to be somewhere between campaign financing cases and ballot access cases); but it noted that "when the state moves to regulate the electoral process which is inextricably linked to fundamental constitutional rights, its purposes must be important and its methods narrowly tailored to fostering those interests." *Id.* at 6. It also required the use of least restrictive means to further any proffered state interest and found that missing in such a statutory scheme as well. *Id.* at 7.

The Court ultimately found that a statute which discriminates in favor of major parties and against minor parties and independents with respect to the cost of voter registration lists, unconstitutionally favored the two party system and a "rigid status quo" and created an "unfair burden" on those who try to use a political system that is meant to foster their interests in articulating "political choice." *Id.* It struck down the Iowa statute as violation of the Equal Protection Clause. *Id.* at 7-8.

In *Libertarian Party of Oregon v. Paulus*, Civil No. 82-521FR (D. Oregon, September 3, 1982) (unpublished)(Excerpts attached hereto as Exhibit "2")[6], the

---

[6] Much of the lengthy unpublished decision has nothing to do with the specific issue before this Court; so only relevant excerpts have been attached; however, the undersigned has a hard copy of

court again considered a state statute that discriminated between major and minor parties with respect to its voter registration lists, providing them for free to the major parties and at a charge to the minor parties.

The court's analysis speaks for itself and is fully consistent with the cases previously described herein. Additionally, the court in this case expressly rejected the purported "administrative interest" the Defendant herein speculates might arise if, in his straw man argument, the list were to be provided free of charge to anyone. *See Paulus*, at Page 17.[7] The court in *Paulus* struck down this same kind of discrimination with the voter registration lists as unconstitutional.

In *Libertarian Party of Indiana v. Marion County Bd. of Voter Registration*, 778 F. Supp. 1458 (S.D. Ind. 1991), the court again was confronted with a similarly discriminatory scheme with respect to voter registration lists and again struck the same down as unconstitutional.

In this case, the court expressly used the analytical framework for ballot access cases developed in *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983).

---

the entire decision and can provide it to the Court, of course, if the Court so directs.

[7] The sole purported state interest Defendant appears to claim justifies the burden on Plaintiff's fundamental constitutional rights is the purely speculative "administrative interest" in possibly being overburdened with requests if anyone gets the list for free. Of course, as noted, Plaintiff is a well established political party in Alabama that has gotten ballot access in many instances in the State in a variety of election contests and is not claiming every requestor must get a list for free - that might be fair; but it is beyond this case. As alleged in the Complaint, if a representative from all other 49 states requested a free copy of the voter registration list and agreed to provide their own list in return, the Defendant would have to satisfy every one of the 49 requests. [Doc. 1 at ¶18] Surely, Defendant is not asserting that there are 50 parties that hold the status of this Plaintiff in Alabama. And of course, even if there were, there has been no showing either that all would request the list or that sending an email to 50 or more recipients is a full-time overly burdensome task. There certainly has been no such showing at this juncture in the proceedings.

The court noted the unconstitutional effect such discrimination with voter registration lists has on a Party's ability to seek equal access to voters, giving a significant and unwarranted advantage to major political parties in this regard. *Id*. at 1463. This, in turn "... impinges not only upon the members' freedom to associate as a party but also upon an individual voter's ability to assert her preferences." *Id*. The court went on to consider other severe burdens such discrimination places on those situated like this Plaintiff.

The court suggested that perhaps a "stricter standard of review" than that used in *Anderson* should be used to deal with voter registration list discrimination of this kind specifically because it is by definition discriminatory by favoring the larger parties, but ultimately, it found it unnecessary to answer that question because the discrimination was clearly unconstitutional even under the *Anderson* ("important" state interests level of scrutiny). *Id*.

The court ordered the voter registration lists to be provided to the New Alliance Party and the Libertarian Party under the same terms as they were provided to the major parties, based on the Equal Protection violation it found to arise from the discrimination at issue. *Id*. at 1464-1465. Defendant's half-hearted attempt to distinguish this case, [Doc. 5 at 13], is completely unavailing.

Similarly unavailing it the Defendant's attempt in a line, [Doc. 5 at 14], to distinguish the comprehensive decision in *Green Party v. Land*, 541 F. Supp. 2d 912 (E.D. Mich. 2008).

The decision is important for several reasons, including, but not limited to,

its emphasis that for these purposes "all political parties are similarly situated ...", *Id*. at 917, thereby squarely raising the Equal Protection concern, (2) its use of ballot access analysis, and (3) its comprehensive consideration of purported state interests far greater in number and significance than the single purported interest proffered here.

Finally, notwithstanding Defendant's attempt at distinguishing the case, [Doc. 5 at 14], the decision rests not only on traditional ballot access burden vs. interests analysis under *Anderson* and its progeny; it draws directly on the decisions in *Socialist Workers Party* and *Libertarian Party of Indiana* and their analysis specific to voter registration lists as well. *Id.* at 918-920.

The court found a clear Equal Protection violation, struck down the law at issue and found it therefore unnecessary to address the First Amendment arguments. *Id*. at 924.

Plaintiff provides the Court herewith with rather bare bones decisions in two other cases in which the courts involved order that non-major party requesters be provided with voter registration lists after bringing challenges to similarly discriminatory laws; but, admittedly, the only documents from those cases obtained so far do not provide much in the way of analysis. *See Bloom v. EU*, No. 368805 (Cal. Superior Ct., unsigned order of December 4, 1991); *Goetzke v. Boyd*, Case No. 280289 (Ariz. Superior Ct., Pima Co., Order of July 22, 1991)(Copies attached as Attachments "3" and "4" hereto].

14

## **CONCLUSION**

Based on all of the foregoing and the decisions cited herein, representing almost fifty years of jurisprudence recognizing that a claim challenging the discriminatory practice of providing voter registration lists for free to major political parties while charging minor political parties a high fee for the same list fully states a claim as a matter of law and, indeed, is a meritorious claim as will be demonstrated to an even further degree in future proceedings in this case. The Defendant's Rule 12(b)(6) motion must be denied.

This response has only addressed those portions of the motion to dismiss that were directly relevant to the claim for dismissal made by the Defendant. The failure to address any other portion of the motion should not be taken as a concession of the merit to any other assertion in the motion. Plaintiff will, however, address one additional assertion in the motion, even though, it, too should not be necessary.

Defendant takes issue with the allegation in the Complaint at ¶26 regarding the practices in other states in contrast to Alabama's discriminatory practice with respect to voter registration lists. [See Doc. 5 at 14] It is relevant both to explain the drop off of in decisions on this issue in recent years (most states reformed their law consistent with the long-standing authority cited herein) and to the lack of merit in any state interests claimed in support of this discrimination. Defendant asserts that practices elsewhere are not relevant. [Doc. 5 at 14] While the Defendant accurately cites to the authority on which he relies for this general

principle, Plaintiff would like to make the Court aware of contrary authority from this Circuit and elsewhere.[8]

While it is beyond the scope of this response, Plaintiff wishes to make it clear that is contention is that "strict scrutiny" analysis should apply requiring a showing of "compelling state interests" and the use of "least restrictive means" to justify the severe burden this discrimination effects on the Plaintiff. The Defendant has not and cannot make a showing of even a rational, let alone important or compelling state interest to justify this blatantly unlawful discrimination at issue here.[9]

Respectfully Submitted.

_____

/s/ David I. Schoen (ASB-0860-O42D)
Counsel for Plaintiff

---

[8] Many courts have recognized the direct relevance of ballot access restrictions in other states to, among other things, evaluate whether the least restrictive means are being employed. *See e.g.*, *Green Party of Ga. v. Kemp*, 171 F. Supp. 3d 1340, 1348-51; 1369 (N.D. Ga. 2016), *affirmed*, 2017 U.S. App. LEXIS 1769 (11th Cir., February 1, 2017), *rehearing en banc denied* (11th Cir., March 31, 2017)(Comparison with other states is relevant for assessing the burden imposed and for least restrictive means analysis); *See also, Jenness v. Fortson*, 403 U.S. 431, 439, notes 15-20 (1971)(Comparing other States' provisions with respect to the ballot access at issue); *Williams v. Rhodes*, 393 U.S. 23, 47, n.10 (1968)(Harlan, J., concurring)(comparing "size" of "barriers" to third-party candidates for each State and comparing ballot history among the States for third-party candidates); *New Alliance Party v. Hand*, 933 F.2d 1568, 1571-1572 (11th Cir. 1991)(expert witness testimony comparing other States' signature filing deadlines and number of signature requirements relative to Alabama's). *See also, Libertarian Party of Ill. v. Ill. State Bd of Elections*, 2016 U.S. Dist. LEXIS 22176, 20 (N.D. Ill., February 24, 2016)(striking down Illinois ballot access law and noting it was the only state in the country with such a law).

[9] Attached to Defendant's motion is the Declaration of Mr. Clay S. Helms. Mr. Helms asserts that he has pulled certain voter registration lists and emailed them to the Plaintiff and that this should reduce the cost of the entire list. It is, of course curious that Defendant was not sufficiently concerned about cost reduction since August and until the expense of a lawsuit was incurred; but more to the point here, Plaintiff has advised that it has not received any such lists as of this date. The matter is not relevant to the constitutional issue raised in the case; but Plaintiff thought it appropriate to address the matter here just to avoid any factual misunderstanding.

16

## Certificate of Service

I hereby certify that on this 5th day of March, 2019, I have caused a true and correct copy of the foregoing Response to be served on all counsel of record by filing the same through the Court's ECF system.


_____
/s/ David I. Schoen (ASB-0860-O42D)
Counsel for Plaintiff

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone:  334-395-6611
Facsimile: 917-591-7586
E-Mail: Dschoen593@aol.com
        Schoenlawfirm@gmail.com