IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ALABAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CASE NO. 2:19-cv-69-ECM |
| ) | |
| JOHN H. MERRILL, Secretary of State ) | |
| for the State of Alabama, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On October 4, 2019, the Secretary of State moved the Court to modify its Uniform Scheduling Order. (Doc. 15). On October 6, 2019, the Libertarian Party of Alabama made its own objection to the Uniform Scheduling Order ("USO")(doc. 16) and moved for its modification. For the reasons stated below, these motions are due to be denied.

The Defendant seeks an exemption from the Court's standard practice of requiring a face-to-face settlement conference, arguing that a settlement is "unlikely" and "not likely to be a good use of resources."[1] The Court routinely requires face-to-face settlement conferences in order to allow attorneys the opportunity to sit down with opposing counsel to discuss the status and merits of the case. This further provides an opportunity for the parties to better understand the position of their opponent and consider solutions that they

---

[1] The Court notes that in his objection to the Uniform Scheduling Order, the defendant simply restates the position regarding the face-to-face settlement conference that he included in the Parties' Rule 26(f) Report, without elaboration. Prior to entering the Uniform Scheduling Order, the Court considered the defendant's position on this issue and rejected it. Asking the Court to reconsider its actions by simply restating a previous position, without more, unnecessarily strains judicial resources.

may not have previously contemplated. Although the Defendant asserts that participating in the settlement conference would not be a good use of resources, the Court notes that counsel for both parties are located in Montgomery, Alabama, obviating the need for substantial travel. Further, because the settlement conference deadline is the same as the deadline for completion of discovery, the parties should, at that point, be fully informed about the nature of the evidence in the case, obviating the need to devote an excessive amount of time preparing for a discussion about potential settlement. Notably, there are no restraints placed on the parties by the Court regarding the parameters of such settlement discussions. The parties could discuss any matters, including global settlement, potential stipulations, and resolution of evidentiary issues, just to name a few. To argue that sitting down with opposing counsel to talk is a waste of time ignores the obvious benefits of personal interaction when dealing with conflict; something that is sorely lacking in the legal profession and, indeed, most areas of life today. The defendant does not explain how conferring, in person, with opposing counsel at the close of discovery, without having to travel more than a few miles, would be such an exercise in futility and waste of resources to warrant an exemption from this important practice which can ultimately preserve substantial judicial resources.

The Defendant also requested staggered deadlines for amendments to pleadings in the Rule 26(f) Report and does so again in the motion to modify the USO. The Defendant asserts that he needs a staggered deadline so he can have additional time to decide whether to amend his answer "after the LPA's Complaint is set." (Doc. 15, p. 2). The time to amend a pleading as a matter of course has expired. *See*, Rule 15(a)(1), FED.R.CIV.P.

Therefore, we look to Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2), FED.R.CIV.P. Accordingly, the USO specifies that "[a]mendments to the pleadings by motion or notice of consent pursuant to Fed.R.Civ.P. 15, shall be filed on or before December 10, 2019." (Doc. 14, p. 2). The Defendant requests a deadline of two weeks "after the LPA's Complaint is set" to consider "whether to amend his pleadings or join parties." (Doc. 15, p. 2).

The Court's standard USO does not allow for staggered deadlines for amendments to the pleadings because Rule 15 already allows for responses to amended pleadings: "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Rule 15(a)(3), FED.R.CIV.P. The operative Complaint was filed in January 2019 and the Defendant filed his Answer in September 2019. If the Plaintiff files an Amended Complaint, the Defendant will have 14 days to file an Answer. The Defendant may likewise move to amend his Answer within time permitted. The Defendant has not presented a compelling reason for the Court to extend his deadline to file a motion to amend his answer to a Complaint that has been operative since January 2019.

The Plaintiff moves the Court to modify the USO to provide a deadline for a rebuttal witness disclosure in the event a rebuttal witness becomes necessary. The Plaintiff acknowledges that there is a possibility there will be no expert witnesses at all in this case.

3

Accordingly, at this time, the Court overrules the Plaintiff's objection and denies without prejudice its motion to amend the USO.

Accordingly, it is ORDERED the Defendant's Motion (Doc. 15) is DENIED and the Plaintiff's Motion (Doc. 16) is DENIED without prejudice with leave to refile.

DONE this 9th day of October, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE