IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN PARTY OF ALABAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 2:19-cv-00069-ECM-JTA |
| ) | |
| Hon. JOHN H. MERRILL, Secretary of ) | |
| State for the State of Alabama, ) | |
| ) | |
| Defendant. ) | |

**SECRETARY MERRILL'S REPLY TO SHOW CAUSE ORDER (DOC. 19)**

Pursuant to Section 8 of the Uniform Scheduling Order, doc. 14, Secretary of State Merrill objected to the expert reports of William Redpath and Richard Winger for failure to comply with Fed. R. Civ. P. 26(a)(2)(B). Doc. 18. The court then entered an order requiring the Libertarian Party of Alabama (LPA) "to show cause why the objections should not be sustained and the evidence excluded from trial under Fed. R. Civ. P. 37(c)(1)." Doc. 19. The order further authorized the Secretary to reply, *id.*, and he does so as follows:

1. The Secretary first objected that the Redpath report did not comply with Rule 26(a)(2)(B) because it did not bear a handwritten signature. Doc. 18 at 2-3. The LPA has now provided a handwritten signature. Doc. 20-1. Accordingly, the Secretary withdraws his objection, as he said he would, doc. 18 at 3, and declines to continue briefing this moot issue.

2. Secretary Merrill had reached out to the LPA about the signature issue because it could be easily remedied, and an objection avoided. When a signature page had not been provided before the Secretary was ready to file his objections to the substance of the Redpath and Winger reports, he included his analysis in support of this objection in a footnote to further signal that this issue need not delay the court as it should be quickly remedied, while simultaneously avoiding any

assertion that the objection was not sufficiently stated. *See* doc. 18 at 3. Because the LPA has characterized the parties' communications on the signature issue, doc. 20 at 4-5, the relevant emails are attached hereto as **Exhibit 1.**

3. The Secretary stands by his objections to the Redpath and Winger reports due to their failure to contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and all of "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii). *See* doc. 18 at 4-8.

4. The LPA argues that the Secretary failed to meet and confer about these objections before filing and never asked for any relief or made any showing of harm. Doc. 20 at 1 n. 1, 5-6, 9-10, 22. The Secretary objected, pursuant to the Uniform Scheduling Order, doc. 18, and did not move pursuant to Rule 37 for any relief. As a result, he was not required to first meet and confer or to prove up the fact that failures of Redpath and Winger were neither "substantially justified" nor "harmless," Fed. R. Civ. P. 37(c)(1).

5. *Paliwoda v. Showman*, 2013 WL 5938027 (D. Kan. Nov. 6, 2013), upon which the LPA relies, doc. 20 at 6, supports the Secretary. In *Paliwoda*, the parties were given 11 days to serve objections to expert reports and informed that "If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections." 2013 WL 5938027, at *2. It was on such a subsequent motion—not the objection—that the court made the statement that the failure to meet and confer could alone justify denial of the motion. 2013 WL 5938027, at *2-*3.[1]

---

[1] Such a scenario makes sense given how little time is allowed for objection. While here we deal only with two, exceptionally short reports, at other times reports may be numerous, technical and/or lengthy. Reviewing them, meeting and conferring to resolution or impasse, and drafting objections, if needed, within two weeks would be a tall order. For example, in litigation challenging Alabama's method of electing appellate judges, the plaintiffs hired four experts and

6. Here, when the Secretary objected, the court entered an order requiring the LPA "to show cause why the objections should not be sustained and the evidence excluded from trial under Fed. R. Civ. P. 37(c)(1)," doc. 19. *Cf. Barry v. Silver*, 2011 WL 13298552 (M.D. Fla. 2012) (court *sua sponte* ordered party to show cause why untimely expert report should be excused); *Henry v. Quicken Loans Inc.*, 2009 WL 3199788 (E.D. Mich. 2009) ("The Sixth Circuit has held that a Court may *sua sponte* exclude evidence that does not comport with evidentiary rules or is otherwise improper. *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1034 (6th Cir. 2003); *see also Dugan v. R.J. Corman R. Co.*, 344 F.3d 662, 670 (7th Cir. 2003) ("even in an adversarial system the judge is not merely an umpire" and has duty to secure the basic accuracy of the litigation process)."); *In re Fisher Island Inv., Inc.,* 778 F.3d 1172 (11th Cir. 2015) (courts can *sua sponte* grant summary judgment "'so long as the losing party was on notice that [it] had to come forward with all of [its] evidence.'") (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986)) (alterations by the court).

7. In *Auto Club Group Insurance Company v. Omega Flex, Inc.*, the court detailed problems with a "three page expert report" that "provides only conclusory postulations" and said that it "does not appear to meet" the Rule 26 standard. 2017 WL 3263355, at *4 (E.D. Mich. 2017). The court did not *sua sponte* strike the initial report because Omega Flex had only moved to strike detailed, supplemental reports "and so Auto Club ha[d] not been afforded an opportunity to defend the initial report." *Id.* Here, the LPA has had an opportunity to defend, doc. 19 (show cause order), and has failed to do so persuasively.

---

then a rebuttal expert, and each expert submitted a report of 30 pages or more. *Alabama State Conference of the NAACP v. Alabama*, Case No. 2:16-cv-731-WKW, doc. 66-1 (Robert J. Norrell, historian), doc. 68-1 (William S. Cooper, map drawer), doc. 69-1 (Peyton McCrary, historian), doc. 74 (Lisa Handley, racially polarized voting), doc. 88 (Seth C. McKee, political scientist) (M.D. Ala).

8. Expert reports "must be 'detailed and complete,'" not "'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (*quoting* Fed. R. Civ. P. 26 advisory committee's notes). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal citations and quotation marks omitted). *See also* authorities in Objection, doc. 18 at 2, 5, 7-8.

9. The LPA tries to defend the inadequacy of its reports by asserting that Redpath and Winger offer "simple, narrow expert opinions." Doc. 20 at 3; *see also id.* at 15, 21, 22. That is not true. They offer the broad conclusion that the challenged policy is a significant burden on the LPA, doc. 18-1 at 1 (3rd paragraph); doc. 18-2 at ¶ 6, and the opportunity for the LPA to say that broad conclusion is "expert opinion," *see e.g.,* doc. 20 at 16 ("in Mr. Redpath's expert opinion").

10. The LPA mischaracterizes some of the Secretary's objections to the Redpath report. *See* doc. 20 at 11, 13, 14. At no point does Secretary Merrill object based on a failure to consider certain reasons or facts; such an objection would be appropriate later at the *Daubert* stage.[2] For present purposes, the Secretary objected to Redpath's failure to include all the reasons for his

---

[2] The LPA relies on *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275 (11th Cir. 2015), to argue that "[a]ny weakness in the factual underpinnings of [the expert's] opinion go to the weight and credibility of his testimony, not to its admissibility," doc. 20 at 11 (*quoting Sorrels*, 796 F.3d at 1285, *quoting in turn Hurst v. United States*, 882 F.2d 306, 311 (8th Cir. 1989)) (first bracket by LPA counsel; second bracket by the court). *Sorrels* was at the *Daubert* stage, and "turn[ed] . . . on the reliability of Dr. Zollo's opinions." *Sorrels*, 796 F.3d at 1282. That is a different matter from whether the facts upon which the expert relied have been set out in the expert's report under Fed. R. Civ. P. 26(a)(2)(B)(ii).

4

opinions and the facts underlying his opinions because he used language suggesting that he had reasons and/or facts which were not disclosed.  Doc. 18 at 4-5.

11. The failure of Redpath and Winger to comply with the requirements to provide "a complete statement of all opinions the witness will express and the basis and reasons for them" and all of "the facts or data considered by the witness in forming them," Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii), is neither "substantially justified" nor "harmless," Fed. R. Civ. P. 37(c)(1).  This is not a case where, for instance, plaintiff's experts were waiting for documents or testimony from the defendant.  *Cf. OTS Fitel, LLC v. Epstein, Becker and Green, P.C.,* 549 F.3d 1344, 1363 (11th Cir. 2008).  The LPA does not attempt to justify the deficiencies; indeed, it does not even acknowledge them.  As to harm, the Secretary is entitled to a reasonable opportunity for his expert to respond to the opinions of the LPA's expert witnesses, and the inadequate reports denied him that.  Moreover, under the present circumstances, if the Secretary deposed Redpath and Winger, the depositions would amount to opportunities for the LPA to develop sworn testimony from their experts for use at the summary judgment stage.  Even if the Secretary were inclined to depose these experts to understand the testimony that their reports did not reveal, he could not realistically do so before his own expert report is due on February 24, *see* doc. 14 at § 8, given other pending matters.

## Conclusion

In sum, the Secretary withdraws his objection to Redpath's report based on a failure to include a handwritten signature but maintains his other objections to Redpath's report as well as his objections to Winger's report.  The deficiencies in the reports are not "substantially justified" or "harmless," Fed. R. Civ. P. 37(c)(1), and the LPA has not shown otherwise.  Accordingly, the

LPA should not be allowed to rely on Redpath or Winger or their reports "to supply evidence on a motion, at a hearing, or at a trial," *id.*[3]

                                      Respectfully submitted,

                                      STEVE MARSHALL
                                      *Attorney General*

                                      BY:

                                      s/ Misty S. Fairbanks Messick
                                      Winfield J. Sinclair (ASB-1750-S81W)
                                      Misty S. Fairbanks Messick (ASB-1813-T71F)
                                      *Assistant Attorneys General*

                                      **OFFICE OF THE ATTORNEY GENERAL**
                                      501 Washington Avenue
                                      Montgomery, Alabama 36130
                                      Telephone: (334) 242-7300
                                      Facsimile: (334) 353-8400
                                      Winfield.Sinclair@AlabamaAG.gov
                                      Misty.Messick@AlabamaAG.gov
                                      ***Attorneys for the Secretary of State***

---

[3] In the course of its response, the LPA made statements about the undersigned, doc. 20 at 10, which must be addressed, lest the court be misled. I did seek exemption from the standard face-to-face settlement conference requirement, doc. 13 at 2, and I did object when it was imposed, doc. 15 at 1-2, on the stated ground the nature of this case does not lend itself to settlement. The exemption was requested without objection from the LPA, *see* doc. 13, generally; doc. 5 at 2, and is similar to the one Judge Watkins previously granted in a case brought by the LPA *et al.* challenging the constitutionality of the State's ballot access laws concerning Presidential candidates, *Stein v. Secretary of State*, Case No. 2:12-cv-00042-WKW-CSC, doc. 69 at 3 (request), doc. 73 at § 3 (USO) (M.D. Ala. 2012). This court subsequently explained that it views the potential scope of the settlement conference to be much broader than the undersigned had previously understood. *See* doc. 17 at 1-2. For instance, it may include potential stipulations of fact, *id.*, of the sort that I had emailed opposing counsel the day before this court's order and which the LPA subsequently dismissed out of hand. It is the undersigned's practice to reach out, when appropriate, even without being directed to do so.