IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LIBERTARIAN PARTY OF ALABAMA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 2:19-cv-00069-ECM-JTA |
| | : | |
| JOHN HAROLD MERRILL, | : | |
| Secretary of State for the State of Alabama, | : | |
| | : | |
| Defendant. | : | |

**Plaintiff's Motion to Extend Discovery and Hold Case in Abeyance**

Pursuant to the Section 13(B) of the Uniform Scheduling Order in this case, [ECF# 14], Plaintiff hereby respectfully moves this Honorable Court to extend the discovery cutoff deadline from March 23, 2020 to a date the Court deems appropriate and to otherwise hold this case in abeyance until such date as the Court deems appropriate.

Pursuant to Section 13(B)(ii) and (iii) of the Uniform Scheduling Order, the undersigned represents to the Court that an email was sent to both attorneys of record for the Defendant today at approximately noon Central time, attempting to elicit defense counsel's position on this motion; but no response was received. Accordingly, the undersigned cannot make any substantive representation about opposing counsel's position and assumes for purposes of this motion that the motion is opposed.

As and for grounds for this motion, Plaintiff sets forth the following:

1. Trial in this case is scheduled for November 30, 2020, just over eight (8) months from today. [ECF# 14 at Section 1]

2.     No previous request for an extension of time has been filed in this case.

3.     The Uniform Scheduling Order in this case provides, *inter alia*, for a discovery cutoff date of March 23, 2020. [ECF# 14 at Section 7] Dispositive Motions are scheduled to be filed by April 22, 2020.

4.     This case involves a single constitutional issue: Plaintiff seeks a declaratory judgment that Alabama law that provides for major political parties to be provided with a voter registration list free of charge, while minor political parties are charged a prohibitively expensive fee for the same list is unconstitutional (violates the First and Fourteenth Amendments) on its face and as applied to the Plaintiff.  Plaintiff also seeks corresponding injunctive relief. [ECF# 1]

5.     Plaintiff firmly believes that this case should and will be resolved on a motion for summary judgment, given this single legal issue in the case and the limited facts relevant to that issue.

6.     Almost all discovery Plaintiff needs in this case as been completed; however, based on answers to interrogatories received on February 27, 2020, Plaintiff would like to take two short depositions in the case, both of which can be completed on the same day.  The undersigned had hoped to be able to schedule those depositions prior to the discovery cutoff deadline; but recent events, to be described below, have made that impossible.  Accordingly, Plaintiff seeks an extension of the discovery deadline solely for the purpose of taking those depositions, shortly after the recent events related to the novel coronavirus are

alleviated.

7.     Additionally, the Court has under advisement, Defendant's objections to the expert reports timely served by Plaintiff [See ECF## 18, 19, 20, & 21].  If the Court were to exclude either of those two reports, directly relevant to the single issue before the Court in this case, Plaintiff must fairly be given an opportunity to identify lay fact witnesses to supplement her disclosures and must fairly be given an opportunity to depose the purported expert witness identified by the Defendant. No such deposition is necessary otherwise and so none was noticed; but, with all due respect, that would change if Plaintiff's experts were to be excluded and it would be unfair if a decision to exclude Plaintiff's experts were to be made after the discovery cutoff date.

8.     Finally, the undersigned has recently learned of two other cases in which issues that are relevant to this case exist.  In one of those cases, relevant documents are available to the undersigned online and have been so obtained. In the other case, the undersigned does not have online access to the relevant documents and must go in person to the court's archives where the relevant documents are believed to be housed; but again, recent events have made that impossible.  It would not seem necessary to extend the discovery cutoff deadline to address this issue; but Plaintiff seeks to have the case held in abeyance in light of this issue because it is believed that the documents at issue could be directly relevant to and useful for the dispositive motion filings in this case and that date is

only thirty (30) days away.[1] [ECF#14 at Section 2]

**Recent Events Relevant to this Motion**:

9.     As the Court is well aware, the novel coronavirus currently plaguing our country (and the world), has caused a great deal of disruption in just about all regular activities, and this includes activities related to pending litigation.

10.    On March 17, 2020, in recognition of these extraordinary times and events, Your Honor, in the Court's capacity as Chief District Judge, entered a General Order, styled, IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS; CIVIL MISC. NO. 2:20-mc-3910-ECM.

11.    That Order provided for certain immediate measures; but, based on the current operative facts and the Court's judgment, it did not provide for the automatic abeyance of all civil actions. Rather, the Order provides for consideration on a case by case basis.

12.    The undersigned currently is on precautionary, but directed, home quarantine in Atlanta, solely as a result of business travel and a stay in New York City and that will extend through this week. Similarly, three of the undersigned's

---

[1] It is conceivable, although not at all certain, that documents obtained from the archives search will be appropriate for a supplement to Plaintiff's initial disclosures; but they should not require any further discovery. It is more likely that they will be used for impeachment purposes only, and therefore not required for disclosure; but Plaintiff will not know that until they are examined. Curiously, Defendant has continued to make supplemental disclosures just about right up to today, with the most recent disclosures made on March 17, 2020, comprised of documents readily available to the Defendant well before even the filing of the Complaint in this case. Of course, the supplementation of initial disclosures expressly is provided for in F.R.Civ.P. 26(e), even if the timing of the supplemental disclosures here is odd and would not permit additional discovery based on them under the discovery cutoff date currently set, as Defendant, of course, is aware.

five children now home also traveled from the New York area and are on home quarantine as well.

13.     The undersigned had hoped to be able to set up the two depositions Plaintiff would like to take over the past three weeks, since the receipt of the answers to interrogatories, but has been unable to, first because of commitments in other cases and then because of the recent coronavirus events.  The undersigned has a concerning situation developing at home at the time of this writing; but it is, of course, hoped that it is not a coronavirus related development.  The undersigned is, unfortunately, apparently at some greater vulnerability risk because of a relatively recent heart attack.

14.     It is impossible to know at present, of course, when these events will be less problematic; accordingly, the undersigned cannot propose a fixed time period for he requested extension of discovery and abeyance period, nor provide a proposed order in connection with this motion setting out specific dates.  The undersigned can only make the request, provide the reasons for it, and leave it to the Court's discretion and judgment as to how to proceed.

    For all of the foregoing reasons, Plaintiff respectfully requests an extension of the discovery cutoff date and that the case be held in abeyance for whatever time period the Court deems reasonable and appropriate.

                        Respectfully Submitted.

                        /s/ David I. Schoen (ASB-0860-O42D)
                        Counsel for Plaintiff

## Certificate of Service

I hereby certify that on this 23rd day of March, 2020, I have caused a true and correct copy of the foregoing Motion to be served on all counsel of record by filing the same through the Court's ECF system.

                                      /s/ David I. Schoen (ASB-0860-O42D)
                                                Counsel for Plaintiff

David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: 334-395-6611
Facsimile: 917-591-7586
E-Mail: DSchoen593@aol.com
         Schoenlawfirm@gmail.com